620

(122 So. 921)
**Aaron DAVIS v. STATE. (7 Div. 503.)**

Court of Appeals of Alabama. May 28, 1929.

RICE, J. Appeal dismissed.

(121 So. 920)
**George DAWES v. STATE. (2 Div. 426.)**

Court of Appeals of Alabama. March 26, 1929.

PER CURIAM. Appeal dismissed.

(125 So. 919)
**Willie DAWKINS v. STATE. (6 Div. 624.)**

Court of Appeals of Alabama. Dec. 10, 1929.

BRICKEN, P. J. Appeal dismissed.

(124 So. 920)
**Tessie DAY v. STATE. (4 Div. 560.)**

Court of Appeals of Alabama. Nov. 19, 1929.

Guy W. Winn, of Clayton, for appellant. Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. At the fall term, 1927, of the Barbour circuit court at Clayton, the grand jury returned an indictment against this appellant, charging the offense of violating the prohibition laws of the state by having in possession, etc., prohibited liquors. The trial was held, at the Spring term, 1929, of said court, which resulted in a conviction as charged, and the jury assessed a fine of $250 against the defendant. This appeal was taken from the judgment of conviction which followed the verdict of the jury. Confession of judgment for the fine and cost was had.

This appeal is upon the record proper, without a bill of exceptions. We have, as the law requires, examined the record, and have found it regular in all things, and therefore without error. Let the judgment of conviction in the lower court, as rendered, stand affirmed.

Affirmed.

(122 So. 921)
**Charlie DE CARLO, alias, etc., v. STATE. (6 Div. 554.)**

Court of Appeals of Alabama. April 30, 1929.

SAMFORD, J. Affirmed.

(121 So. 921)
**Jim DeJARNETTE v. STATE. (6 Div. 391.)**

Court of Appeals of Alabama. March 26, 1929.

Oscar Metz, of Birmingham, for appellant. Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Appellant was indicted for murder in the first degree, the specific charge therein being that he unlawfully and with malice aforethought killed Eddie Rice, by shooting him with a pistol. Upon being tried, he was convicted for the offense of murder in the second degree, and the jury fixed his punishment at 15 years' imprisonment. Judgment was duly entered and sentence pronounced in accordance with the verdict. He appealed to this court.

The evidence showed without dispute that appellant did kill the said Eddie Rice by shooting him with a pistol. He relied upon self-defense to justify him. The facts and circumstances attending the killing, as shown by the evidence, were in sharp conflict, thus presenting questions for the determination of the jury. We have carefully examined the exceptions reserved to the court's rulings upon the admission of evidence. These exceptions, and certain refused charges, present the only point of decision for our consideration, as no motion for a new trial was made. In our opinion, the defendant was accorded a fair and impartial trial. We discover no error in any of the court's rulings, calculated to injuriously affect his substantial rights. As stated, questions of fact for the consideration of the jury only were involved. The evidence was ample to support the verdict, and, as no reversible error appears, the judgment of conviction from which this appeal was taken will not be disturbed. The judgment is affirmed.

Affirmed.